R. O. BENNETT, Plaintiff-Appellant,

v.

FAIRCAPE STEAMSHIP CORPORA-TION, et al., Defendants-Appellees.

No. 75–2542
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1975.

Rehearing Denied Feb. 24, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**980**

Atreus M. Clay, Houston, Tex., for plaintiff-appellant.

Dixie Smith, H. Lee Lewis, Jr., Houston, Tex., for defendants-appellees.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

R. O. Bennett, a longshoreman, was injured in his stevedore's warehouse on a dock while trying to untangle "pineapple gear" (cables, bridles, and bars) to be used in conjunction with tackle of the SS Stamatios to unload cargo. Bennett sued the shipowner, Faircape Steamship Corporation, and the vessel in rem, in admiralty. He alleged that the shipowner was negligent in that its officers or employees placed the gear in a tangled condition and allowed it to remain so. He alleged that the SS Stamatios was unseaworthy, because he was compelled to work in an unsafe place.[1] The district court found that the pineapple gear belonged to the stevedore, was tangled by an employee of the stevedore, and that the plaintiff failed to establish that any member of the ship's crew had control or contact with the gear or the longshoremen attempting to untangle it. The district court held that the shipowner was not negligent and that the ship was not rendered unseaworthy by the tangled state of the pineapple gear. The district court found that the gear was not the ship's gear, was not connected with the vessel, and was not an appurtenance of the vessel. Accordingly, the court held that Bennett could not recover in admiralty. It was necessary, of course, for the district court to consider the facts, to determine whether it had subject matter jurisdiction.

In the circumstances disclosed by the evidence the subject matter was not a maritime tort which falls within admiralty jurisdiction. *Victory Carriers, Inc. v. Law,* 1971, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383. In that case a longshoreman was injured by his employer's forklift. The Court noted the following factors as important in holding maritime law inapplicable: the equipment causing the injury was not part of the ship's usual gear; it was not stored on board; it was not attached to the ship; it was not under the control of the ship or its crew; and the accident did not occur aboard ship or on the gangplank. All those factors are present in the case before us. In addition, the district court found that "the plaintiff could not establish . . . that [the gear] had ever been aboard or connected in any way with the vessel". See also *Synydor v. Villain & Fassio et Compania Int. Di Genova,* 4 Cir. 1972, 459 F.2d 365, 368.

"The [Supreme] Court has held . . . that there is no admiralty jurisdiction under the Extension of Admiralty Jurisdiction Act over suits brought by longshoremen while working on a pier, when such injuries were caused, not by ships, but by pier-based equipment. [Citing *Victory Carriers v. Law* ]. . . . The Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., was amended in 1972 to cover employees working on those areas of shore customarily used in loading, unloading, repairing, or building a vessel. Pub.L. No. 92–576, § 2, 86 Stat. 1251." *Executive Jet Aviation v. Cleveland,* 1972, 409

---

1. Bennett was injured June 22, 1972. Effective November 26, 1972, Congress abrogated the "Sieracki-seaman" doctrine by amendments to the Longshoreman's and Harbor Workers' Act. 33 U.S.C. § 905(b) (Supp.1974)

U.S. 249, 261, n. 8, 93 S.Ct. 493, 501, n. 8, 34 L.Ed.2d 454.

*Gutierrez v. Waterman Steamship Co.,* 1963, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297, on which the appellant relies, is distinguishable. In that case the plaintiff longshoreman was injured on shore when he slipped on some loose beans that spilled from a vessel's cargo containers removed from the vessel in a defective condition. Later, in *Victory Carriers v. Law*, the Court noted that Gutierrez's injury was caused by "an appurtenance of a ship, the defective cargo containers". 402 U.S. at 210–11, 92 S.Ct. at 424.

The Supreme Court cautioned, in *Victory Carriers v. Law*, that in determining whether to expand admiralty jurisdiction "we [and, a fortiori, inferior courts] should proceed with caution . . ." 402 U.S. at 212, 92 S.Ct. at 425. Conscious of that admonition, we agree with the district court that since the pineapple gear was owned and controlled by the stevedore and was not an appurtenance of the SS Stamatios, there is no basis for the liability of the shipowner or the vessel and no basis for admiralty jurisdiction.

The judgment is affirmed.